IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

SECURITIES AND EXCHANGE : 
COMMISSION, :
 :
 :
  Plaintiff, :
 :
 v. : Case No. 1:16-cv-02459-SCJ
 :
THOMAS W. AVENT, Jr., :
RAYMOND J. PIRRELLO, Jr., and :
LAWRENCE J. PENNA, :
 :
  Defendants. :

**<u>DEFENDANT RAYMOND J. PIRRELLO, JR. MEMORANDUM
OF LAW SUPPORT OF HIS MOTION TO EXCLUDE THE
TESTIMONY AND REPORT OF MATTHEW D. CAIN</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 4

CASE LAW ................................................................................................................ 6

ARGUMENT .............................................................................................................. 7

CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ...................... 5

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). ...................................... 6

*In re Williams Securities Litigation.*, 496 F.Supp.2d 1195 (N.D. Oklahoma July 6, 2007) ……….7

*In re Xerox Corp. Securities Litigation* 746 F.Supp.2d 402. (D. Conn. September 30, 2010) ……….7

*Laumann v. Nat'l Hockey League*, 117 F. Supp. 3d 299, 319 (S.D.N.Y. 2015)……….7

Defendant Raymond J. Pirrello ("Pirrello"), through his undersigned counsel, hereby moves this Court, pursuant to Fed. Rules of Evid. Rule 702 (28 U.S.C. 702), to exclude the testimony and report of the Plaintiff's expert witness, Matthew D. Cain.

## PRELIMINARY STATEMENT

Plaintiff's expert witness Matthew D. Cain ("Cain") prepared a report dated March 3, 2017 (the "Report").[1] Cain's potential testimony and Report are neither reliable nor relevant. The Report is devoid of any analysis in the relevant options activity in the three companies leading up to the M & A Announcements (as defined in Cain's Report). Nor did Cain review individuals, trading parties, or conduct an analysis of any other trades executed with potential insider information during the period leading up to the M & A Announcements. Failure to analyze any other information and focus on only the Defendants predisposes to reach a predestined conclusion that insider trading occurred.

Cain's failure to conduct a bare minimum analysis of the relevant trading and securities markets leading up to the M & A Announcements establishes that the Report is neither reliable nor relevant. Furthermore, as the testimony is based upon the same flawed lack of analysis any potential testimony by Cain should also be precluded. Accordingly, Pirrello moves this court to exclude the testimony and

---

[1] A copy of the Report is attached hereto as Exhibit A.

report of the Plaintiff's expert witness Cain for unreliability and relevance.

## **RELEVANT PROCEDURAL BACKGROUND**

On July 7, 2016, the SEC filed the complaint against Defendants Pirrello, Thomas W. Avent ("Avent") and Lawrence J. Penna ("Penna"). Pirrello, Penna and Avent filed Answers in response to the complaint. Penna without admitting or denying the allegations settled all claims against him.

All remaining parties held their Rule 26(f) conference and filed their Joint Preliminary Report and Discovery Plan on October 20, 2016 (the "Discovery Plan").

Document and information requests, initial disclosures and interrogatories were exchanged on schedule, including the Report by Cain. After responses were exchanged, meet and confers were held among the parties to resolve open issues. Depositions have been taken, including Cain on May 2, 2017, in the Washington D.C. offices of the SEC. (Attached hereto as EXHIBIT B is a copy of the Cain Deposition, "Cain Depo.").

## **RELEVANT LAW**

Federal Rules of Evidence Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court interpreted Rule 702, holding that it required that scientific expert testimony must be both reliable and relevant. Reliability requires that "an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation-i.e., 'good grounds,' based on what is known." Relevance, which has been referred to as "fit," requires "a valid scientific connection to the pertinent inquiry as a precondition to admissibility." _Daubert v. Merrell Dow Pharmaceuticals, Inc._, 509 U.S. 579 (1993).

In _Kumho Tire Co., Ltd. v. Carmichael_, 526 U.S. 137 (1999), the Court elaborates further:

> "We conclude that _Daubert_'s general principles apply to the expert matters described in Rule 702. The Rule, in respect to all such matters, "establishes a standard of evidentiary reliability. It requires a valid ... connection to the

pertinent inquiry as a precondition to admissibility. And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, see Part III, *infra,* the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline." [internal quotations omitted]**.**

The Courts have continually found that when expert opinions are based upon flawed or insufficient facts and / or data, those opinions must be excluded. "Under Daubert, any step that renders the analysis unreliable ... renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." <u>In re Williams Securities Litigation</u>*.,* 496 F.Supp.2d 1195 (N.D. Oklahoma July 6, 2007) "[w]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony." <u>In re Xerox Corp. Securities Litigation</u> 746 F.Supp.2d 402. (D. Conn. September 30, 2010) Excluding testimony when the expert's opinion was based on "insufficient facts and data" that left "too great an analytical gap between the data and the opinion proffered. <u>Laumann v. Nat'l Hockey League</u>, 117 F. Supp. 3d 299, 319 (S.D.N.Y. 2015).

### ARGUMENT

### MR. CAIN'S TESTIMONY IS INADMISSABLE UNDER DAUBERT AND THE ASSOCIATED CASES

The Complaint filed by the SEC relies heavily on the alleged options trading by former defendant Lawrence Penna and his family (the "Penna Accounts"). The

7

Complaint alleges that options trading was the instrument of choice for the Penna Accounts for two of the three companies in the Complaint, Midas and Brightpoint. (Complaint ¶¶, 62, 63 – 65, 67 – 69; 80, 83, and 85). However, Cain does not review or analyze *any* options trading for any of the three companies listed in the Complaint for the relevant period leading up to the M & A Announcements. (Exh B 40: 14 – 17).

Cain also admits in his deposition, that he failed to review individuals, trading parties, or conduct an analysis of any other trades executed with potential insider information. (Exh B 38: 6 – 20).

The Report defines options (¶ 47-48), calculates the Penna Accounts' alleged profits of the in trading options of Midas and Brightpoint (Report ¶¶ 53 – 54, Exhibit 4 of the Report) and explains the options positions and calculations of the Penna Accounts (Report ¶¶ 58-59). However, the Report does not include a review any specific trading activity of anyone other than the Penna Accounts or the specific traders connected to Pirrello.

A Daubert analysis prohibits an expert testifying purely to target defendants specifically for trial.

While the Complaint alleges Pirrello recommended the three securities "to several of his colleagues and clients" the Report does not include a review of the statements or depositions of the "colleagues and clients" referenced in the

Complaint (Exh B 52: 17 through 54: 2). The statements and depositions are more probative than merely the Defendants' denials. Furthermore, by failing to analyze, or even consider, the market's trading in options, or analyzing trading of other individuals or groups, the Report's is inadmissible. As a matter of law the Report is based upon insufficient facts and data that establishes too great a gap between his opinion that there must have been insider trading by a passing of information from Avent to Pirrello to the Penna Accounts. As such, the Report and Cain's potential testimony must be rendered unreliable and must be excluded.

## CONCLUSION

Based on the foregoing, Defendant Pirrello moves this Court, pursuant to Federal Rules of Evidence Rule 702, to exclude the testimony and report of the Plaintiff's expert witness Matthew D. Cain. Under Daubert and related case law, Cain's testimony and report are neither reliable nor relevant due to several failures in the research and reporting.

Dated: July 20, 2017

/s/J. Christopher Albanese
Martin H. Kaplan, Esq.
J. Christopher Albanese
Attorneys for Raymond Pirrello
Gusrae Kaplan Nusbaum, PLLC
120 Wall St., 25th Fl.
New York, NY 10005