**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 1:16-cv-02459-SCJ** |
| | : | |
| **THOMAS W. AVENT, Jr., and** | : | |
| **RAYMOND J. PIRRELLO, Jr.,** | : | **Conference Is Requested** |
| | : | |
| **Defendants.** | : | |

## PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the Court, except as noted:

(a) Defendant Thomas W. Avent, Jr.'s Motion to Compel KPMG LLP to Comply with Subpoena to Produce Documents (Docket No. 80);

(b) Defendant Thomas W. Avent, Jr.'s Motion for Leave to File Unredacted Documents under Seal (Docket No. 82);

(c) Third-Party KPMG LLP's Motion for Leave to File Unredacted Documents Under Seal (Docket No. 90);

(d) Defendant Thomas W. Avent, Jr.'s Consent Motion for Leave to File Brief in Excess of Page Limitations (Docket No. 96);

(e) Defendant Thomas W. Avent, Jr.'s Motion for Leave to File Document Under Seal (Docket No. 98); and

(f) Defendant Raymond J. Pirrello, Jr.'s Motion to Exclude the Testimony and Report of Expert Witness Matthew D. Cain (Docket No. 99).

In addition, Defendant Avent intends to file a motion, pursuant to Federal Rule of Civil Procedure 42, asking the Court to sever this case for trial and to order that the trial of the claims against Avent be separate from the trial of the claims against Defendant Raymond J. Pirrello, Jr.  Avent will file his motion to sever no later than August 18, 2017.

2.

All discovery has been completed, except as noted above, and the Court will not consider any further motions to compel discovery.  *See* LR 37.1B. Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence for use at trial.

3.

The names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

There is no question as to the jurisdiction of the Court.  Jurisdiction for the SEC's Section 10(b) and Rule 10b-5 claims is  based upon Sections 2l(d), 2l(e), 21A and 27 of the Exchange Act, 15 U.S.C. § 78u(d), § 78u(e), § 78u-1 and § 78aa. Jurisdiction for the SEC's Section 14(e) and Rule 14e-3 claims is based upon the same statutory sections.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

*Plaintiff Securities and Exchange Commission:*

John E. Birkenheier
Georgia Bar No. 058158
Robert M. Moye (admitted *pro hac vice*)
SECURITIES AND EXCHANGE COMMISSION
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois  60604
(312) 353-7390

*Defendant Thomas Avent, Jr.:*

Todd Harrison (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LP
340 Madison Avenue
New York, NY 10173
(212) 547-5727
(212) 547-5444 (fax)

James W. Cobb
Georgia Bar No. 420133
CAPLAN COBB LLP
75 Fourteenth Street NE, Suite 2750
Atlanta, GA  30309
(404) 596-5600

*Defendant Raymond J. Pirrello:*

Martin H. Kaplan (admitted *pro hac vice*)
J. Christopher Albanese (admitted *pro hac vice*)
GUSRAE KAPLAN NUSBAUM PLLC
120 Wall Street, 25th Floor
New York, NY  10005
(212) 269-1400

6.

Plaintiff is entitled to open and close arguments to the jury.  *See* LR 39.3(B)(2)(b).

7.

The captioned case shall be tried to a jury.

8.

The parties do not request that the trial to a jury be bifurcated, *i.e.*, that the same jury consider separately issues such as liability and damages.  However, at trial the jury is only to consider and decide whether the Defendants are liable on the SEC's claims.  If there is finding of liability, the Court will determine the issues regarding relief in a subsequent, post-trial proceeding.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.  The parties also agree that Judge Jones' standard Jury Questionnaire should be used in this case.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant Avent wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3" are the general questions which defendant Pirrello wishes to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

Objections to the Plaintiff's proposed *voir dire* questions:

Question No. 1     Defendant Avent objects to the sentence, "The SEC is an independent federal agency which is responsible for enforcing the securities laws" in Question No. 1.  This language suggests to a lay person that a federal body has already determined that there was a violation of securities laws and it is up to the SEC to "enforce" that determination.  The statement is also misleading in its incompleteness—Enforcement is one of only five divisions within the SEC.  To avoid confusing and misleading the jury, this sentence should be omitted from Question No. 1.

Question No. 2     Defendant Avent objects to Question No. 2 because it suggests that the jury will find Defendants to be liable.  No. 2 is also objectionable because it attempts to instruct the jurors on the law, their roles, and their responsibilities.  However, it is the judge's role, not attorneys', to provide such instruction to jurors.  *See, e.g.*, *Brown v. Payton*, 544 U.S. 133, 146 (2005) ("The judge is, after all, the one responsible for instructing the jury on the law, a responsibility that may not be abdicated to counsel.").

Question No. 3     Defendant Avent objects to Question No. 3 because it attempts to instruct the jurors on the law, their roles, and their responsibilities.  However, it is the judge's role, not attorneys', to provide such instruction to jurors. *See, e.g.*, *Brown v. Payton*, 544 U.S. 133, 146 (2005) ("The judge is, after all, the one responsible for instructing the jury on the law, a responsibility that may not be abdicated to counsel."). Further, Question No. 3 is duplicitous because this Court's standard qualifying questions ask whether jurors will "be able to render a verdict solely on the evidence presented at trial and in the context of the law as

5

I will give it to you in my instructions."

Question No. 5     Defendant Avent objects to Question No. 5 because it recites the burden of proof as "preponderance of the evidence." As laid out in his trial brief, the SEC should be required to prove its case here by clear and convincing evidence, not by a preponderance of the evidence. Question No. 5 is also objectionable because it attempts to instruct the jurors on the law, their roles, and their responsibilities. However, it is the judge's role, not attorneys', to provide such instruction to jurors. *See, e.g.*, *Brown v. Payton*, 544 U.S. 133, 146 (2005) ("The judge is, after all, the one responsible for instructing the jury on the law, a responsibility that may not be abdicated to counsel.").

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.

The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  *See* Fed. R. Civ. P. 47(b).

The Court's trial procedures call for a jury of eight persons in civil cases, with additional jurors to be empaneled for trials lasting more than one week. This trial will last at least two weeks.  Consistent with 28 U.S.C. § 1870, the SEC requests that each side be allowed one additional strike for each two additional jurors:  i.e., four strikes per side for a jury of eight, or five strikes per side for a jury of ten, etc.  But in any event the SEC should be allowed the same number of strikes as the Defendants' total number of strikes.

Because Judge Jones's trial procedures call for an 8-person jury instead of a 6-person jury, Avent requests that each party be provided with 4 peremptory challenges instead of 3.

13.

There is another case which involves two of the parties and some of the facts at issue in this matter, *Avent v. Pirrello*, Case No. 2:17-cv-01861-SDWLDW, pending in the U.S. District Court for the District of New Jersey.  In that case, Avent alleges that Pirrello breached a promissory note executed in June of 2014 to pay compensation for certain of Avent's trading losses.  Pirrello denies that the signature is his, and has denied any liability to Avent.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information:  (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachments "D-1" and "D-2 are the defendants' outlines of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The SEC's statement of legal issues to be tried is as follows:

(a) Whether defendant Avent may be found liable for violating Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, by disclosing material nonpublic information about the acquisitions of Radiant, Midas, Inc. and/or BrightPoint to Pirrello, acting with *scienter*, before each of those acquisitions was publicly announced;

(b) Whether defendant Avent may be found liable for violating Section 14(e) of the Exchange Act, and Rule 14e-3 thereunder, by disclosing material nonpublic information about the Radiant and Midas tender offers to Pirrello, when a substantial step or steps had been take to commence a tender offer, with reason to know that the information was acquired directly or indirectly from a person acting on behalf of the offeror, and it was reasonably foreseeable that such communication would result in Pirrello purchasing, or causing another person to purchase, Radiant or Midas securities;

(c) Whether defendant Pirrello may be found liable for violating Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, by disclosing material nonpublic information received from Avent about the acquisitions of Radiant, Midas, Inc. and BrightPoint to Larry Penna, acting with *scienter*, before each of these acquisitions was publicly announced; and

8

(d) Whether defendant Pirrello may be found liable for violating Section 14(e) of the Exchange Act, and Rule 14e-3 thereunder, by disclosing material nonpublic information received from Avent about the Radiant and Midas tender offers to Larry Penna, when a substantial step or steps had been taken to commence a tender offer, with reason to know that the information was acquired directly or indirectly from a person acting on behalf of the offeror, and it was reasonably foreseeable that such communication would result in Penna purchasing Radiant or Midas securities.

Avent's statement of the legal issues to be tried in connection with the SEC's claim under Section 10(b) and Rule 10b-5:

(a) Whether Avent used an instrumentality of interstate commerce in connection with the purchase or sale of Radiant securities;

(b) If the answer to (a) is yes, whether Avent disclosed material, non-public information to Pirrello about the NCR/Radiant transaction;

(c) if the answer to (b) is yes, whether the disclosure was done with an intent to deceive, manipulate, or defraud;

(d) if the answer to (c) is yes, whether the disclosure was done in breach of a fiduciary duty Avent owed to the source of the material, non-public information;

(e) if the answer to (d) is yes, whether the disclosure was done with an intent to benefit Avent personally;

(f) if the answer to (e) is yes, whether someone traded Radiant securities on the basis of Avent's disclosure;

(g) whether Avent used an instrumentality of interstate commerce in connection with the purchase or sale of Midas securities;

(h) if the answer to (g) is yes, whether Avent disclosed material, non-public information to Pirrello about the TBC/Midas transaction;

(i) if the answer to (h) is yes, whether the disclosure was done with an intent to deceive, manipulate, or defraud;

(j) if the answer to (i) is yes, whether the disclosure was done in breach of a fiduciary duty Avent owed to the source of the material, non-public information;

(k) if the answer to (j) is yes, whether the disclosure was done with an intent to benefit Avent personally;

(l) if the answer to (k) is yes, whether someone traded Midas securities on the basis of Avent's disclosure;

(m)     whether Avent used an instrumentality of interstate commerce in connection with the purchase or sale of BrightPoint securities;

(n) if the answer to (m) is yes, whether Avent disclosed material, non-public information to Pirrello about the potential Tech Data/BrightPoint transaction;

(o) if the answer to (n) is yes, whether the disclosure was done with an intent to deceive, manipulate, or defraud;

(p) if the answer to (o) is yes, whether the disclosure was done in breach of a fiduciary duty Avent owed to the source of the material, non-public information;

(q) if the answer to (p) is yes, whether the disclosure was done with an intent to benefit Avent personally; and

(r) if the answer to (q) is yes, whether someone traded BrightPoint securities on the basis of Avent's disclosure.

Avent's statement of the legal issues to be tried in connection with the SEC's claim under Section 14(e) and Rule 14e-3:

(a) whether NCR had taken substantial steps to commence, or had commenced, a tender offer;

(b) if the answer to (a) is yes, whether Avent disclosed material, non-public information to Pirrello about the NCR/Radiant transaction;

(c) if the answer to (b) is yes, whether Avent had reason to know that the material, nonpublic information he disclosed was acquired directly or indirectly from a person acting on behalf of NCR;

(d) if the answer to (c) is yes, whether Avent's disclosure was done with an intent to deceive, manipulate, or defraud;

(e) if the answer to (d) is yes, whether Avent's disclosure was done with an intent to benefit Avent personally;

(f) if the answer to (e) is yes, whether it was reasonably foreseeable to Avent that the disclosure of material, nonpublic information to Pirrello would result in Pirrello purchasing, or causing another person to purchase, securities in Radiant;

(g) whether TBC had taken substantial steps to commence, or had commenced, a tender offer;

(h) if the answer to (g) is yes, whether Avent disclosed material, non-public information to Pirrello about the TBC/Midas transaction;

(i) if the answer to (h) is yes, whether Avent had reason to know that the material, nonpublic information he disclosed was acquired directly or indirectly from a person acting on behalf of NCR;

(j) if the answer to (i) is yes, whether Avent's disclosure was done with an intent to deceive, manipulate, or defraud;

(k) if the answer to (j) is yes, whether Avent's disclosure was done with an intent to benefit Avent personally; and

(l) if the answer to (k) is yes, whether it was reasonably foreseeable to Avent that the disclosure of material, nonpublic information to Pirrello would result in Pirrello purchasing, or causing another person to purchase, securities in Midas.

In addition, Avent identifies the following legal issues to be tried:

(a) Whether, because it seeks to impose punitive measures against Avent, the SEC should be required to prove the elements of its claims under Section 10(b) and Rule 10b-5 by clear and convincing evidence instead of by a preponderance of the evidence; and

(b) whether, because it seeks to impose punitive measures against Avent, the SEC should be required to prove the elements of its claims under Section 14(e) and Rule 14e-3 by clear and convincing evidence instead of by a preponderance of the evidence.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for defendant Avent, and Attachment "F-3" for defendant Pirrello are lists of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use

should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for defendant Avent, and "G-3" for defendant Pirrello are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendants' exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all

13

the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

| Plaintiff's Deposition Testimony Designations | Pages |
|---|---|
| Thomas Avent | p. 24, ln. 8 – p. 25, ln. 10. |
| | p. 26, ln. 15-18. |
| | p. 27, ln. 13 – p. 28, ln. 24. |
| | p. 36, ln. 4-5. |
| | p. 37, ln. 15-22. |
| | p. 39, ln. 7-21. |
| | p. 41, ln. 16 – p. 42, ln. 15. |
| | p. 45, ln. 7 – p. 46, ln. 1. |
| | p. 47, ln. 5-8. |
| | p. 48, ln. 3-10. |
| | p. 56, ln. 17 – p. 57, ln. 8. |
| | p. 58, ln. 11 – p. 59, ln. 1. |
| | p. 59, ln. 24 – p. 61, ln. 14. |
| | p. 71, ln. 5 – p. 75, ln. 7. |
| | p. 77, ln. 18 – p. 78, ln. 8. |
| | p. 121, ln. 5 – p. 129, ln. 24. |
| | p. 130, ln. 14 – p. p. 131, ln. 4. |
| | p. 131, ln. 12-21. |
| | p. 134, ln. 17 – p. 135, ln. 22. |
| | p. 136, ln. 18 – p. 138, ln. 6. |
| | p. 138, ln. 21 – p. 139, ln. 5. |
| | p. 139, ln. 18 – p. 141, ln. 6. |
| | p. 141, ln. 13 – p. 142, ln. 9. |

14

| | |
|---|---|
| | p. 148, ln. 4 – p. 149, ln. 8.<br>p. 149, ln. 21 – p. 152, ln. 9.<br>p. 153, ln. 10-18.<br>p. 155, ln. 8 – p. 158, ln. 16.<br>p. 161, ln. 13 – p. 173, ln. 1.<br>p. 174, ln. 21 – p. 176, ln. 2.<br>p. 176, ln. 16-20.<br>p. 179, ln. 3 – p. 181, ln. 9.<br>p. 196, ln. 17 – p. 198, ln. 8.<br>p. 202, ln. 1 – p. 204, ln. 3.<br>p. 225, ln. 22-24.<br>p. 228, ln. 1-16.<br>p. 259, ln. 2 – p. 260, ln. 10. |
| Raymond Pirrello | p. 13, ln. 11-15.<br>p. 13, ln. 19 – p. 19, ln. 23.<br>p. 21, ln. 10 – p. 24, ln. 17.<br>p. 28, ln. 12 – p. 32, ln. 17.<br>p. 33, ln. 3 – p. 34, ln. 3.<br>p. 34, ln. 10 -12.<br>p. 37, ln. 7-19.<br>p. 38, ln. 2 – p. 42, ln. 7.<br>p. 42, ln. 16 – p. 48, ln. 6.<br>p. 48, ln. 15 – p. 50, ln. 19.<br>p. 51, ln. 24 – p. 52, ln. 23.<br>p. 58, ln. 5-18.<br>p. 60, ln. 22 – p. 61, ln. 22.<br>p. 62, ln. 12 – p. 63, ln. 15.<br>p. 66, ln. 20 – p. 69, ln. 23.<br>p. 70, ln. 12-18.<br>p. 71, ln. 17 – p. 72, ln. 6.<br>p. 83, ln. 3 – p. 84, ln. 12.<br>p. 84, ln. 22 – p. 85, ln. 25.<br>p. 86, ln. 14 – p. 87, ln. 6.<br>p. 87, ln. 20 – p. 91, ln. 20.<br>p. 95, ln. 18 – p. 96, ln. 7.<br>p. 97, ln. 24 – p. 99, ln. 2. |

|  | p. 99, ln. 7 – p. 100, ln. 23. |
|  | p. 101, ln. 18 – p. 103, ln. 8. |
|  | p. 106, ln. 6-17. |
|  | p. 106, ln. 22 – p. 107, ln. 23. |
|  | p. 108, ln. 16 – p. 109, ln. 17. |
|  | p. 112, ln. 14 – p. 113, ln. 7. |
|  | p. 114, ln. 4-12. |
|  | p. 114, ln. 24 – p. 115, ln. 6. |
|  | p. 116, ln. 21 – p. 118, ln. 25. |
|  | p. 119, ln. 5 – p. 120, ln. 1. |
|  | P. 120, ln. 12 – p. 121, ln. 2. |
|  | p. 121, ln. 18 – p. 122, ln. 12. |
|  | p. 123, ln. 8-20. |
|  | p. 138, ln. 11 – p. 140, ln. 13. |
|  | p. 142, ln. 16 – p. 144, ln. 14. |
|  | p. 144, ln. 22 – p. 146, ln. 5. |

Defendant Thomas W. Avent Jr. designates the following portions of the deposition testimony of the persons listed below that he may introduce at trial:

**A.     Raymond J. Pirrello, Jr.**

1.  25:13 – 28:11

2.  40:14 – 45:25

3.  46:8 – 46:24

4.  48:2 – 48:22

5.  52:5 – 56:2

6.  71:17 – 72:6

7.  72:12 – 73:4

8.  109:2 – 109:5

9.   123:8 – 123:19

**B.**   **Samuel H. McGarr**

1.  17:25 – 23:24

2.  26:21 – 26:25

3.  39:23 – 46:21

4.  48:20 – 50:24

5.  62:4 –65:4

6.  66:8 – 70:8

7.  73:22 – 80:21

8.  81:12 – 86:3

9.  86:10 – 89:22

10.  102:3 – 103:25

11.  109:3 – 109:6

12.  118:1 – 132:21

13.  135:11 – 135:25

14.  143:19 – 145:3

15.  159:23 – 161:21

16.  173:15 – 175:25

17. 180:15 – 181:2

18. 181:19 – 182:1

19. 182:12 – 182:21

20. 194:10 – 198:1

21. 199:14 – 204:16

22. 206:2 – 210:16

23. 215:14 – 215:18

In addition, Avent reserves the right to use deposition testimony designated by the other parties to this case, to the extent such testimony is not objected to or any objection to it is overruled.  Avent also reserves the right to utilize other portions of any deposition for purposes of impeachment or rebuttal.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted.  Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for defendant Avent, and "H-3" for defendant Pirrello, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

This is complex case with dozens of potential witnesses and hundreds of designated trial exhibits.  The parties estimate that they will need at least two and possibly three weeks to examine and cross examine all witnesses.  The parties agree that one half hour will not be enough time for the SEC's closing argument, and that 15 minutes each will not be sufficient for defendants.  So the parties are jointly requesting additional time for closing arguments.

Defendants request that they each be permitted 1 hour for their closing arguments, and that the SEC be allowed a total of 90 minutes for its closing and rebuttal arguments

However, the SEC believes it will need more than 90 minutes to summarize its own case, address Defendants' evidence, and respond in rebuttal to two lengthy arguments from defense counsel.  Accordingly, the SEC requests 2 hours, which would cover both the SEC's initial argument and any rebuttal, which is consistent with the initial division of time contemplated for cases in this District.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on June 14, 2017, to discuss in good faith the possibility of settlement of this case. The Court has not discussed settlement of this case with counsel. It appears at this time that there is:

No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require five to seven days to present its evidence.  Defendant Avent estimates that it will require two to five days to present his evidence.  Defendant Pirrello estimates that it will require three to

four days to present his evidence.  It is estimated that the total trial time is ten to sixteen days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

_/s/Robert M. Moye_____          _/s/ James W. Cobb_____
Counsel for Plaintiff                                      Counsel for Defendant Avent


_/s/J. Christopher Albanese_____
Counsel for Defendant Pirrello

21

**<u>Certificate of Service</u>**

I hereby certify that on July 21, 2017, I caused copies of the parties' Joint Proposed Pretrial Order to be served by means of the Court's CM/ECF system, which provides email notification to all counsel of record.


*<u>/s/ Robert M. Moye</u>*
Robert M. Moye