Attachment D - 2

# IN THE U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| V. | : Case No. 1:16-cv-02459-SCJ <br> : |
| THOMAS W. AVENT, Jr., and RAYMOND J. PIRRELLO, Jr., | : <br> : <br> : |
| Defendants. | : |

## DEFENDANT RAYMOND PIRRELLO'S PRE-TRIAL ORDER ATTACHMENT D – 2

Pirrello denies he received any material non-public information from Avent, and Pirrello; denies providing any material non-public information to Penna or any other customer or individual associated with Garden State Securities; Pirrello denies violating Section 14(e) of the Exchange Act, and Rule 14e-3 thereunder, by disclosing material nonpublic information received from Avent about the Radiant and Midas tender offers to Larry Penna. Pirrello denies violating Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, by disclosing material nonpublic information received from Avent about the acquisitions of Radiant, Midas, Inc. and BrightPoint to Larry Penna. The SEC alleges that Pirrello passed material non-public information to associated persons of Garden State Securities, his customers and Penna. Witness depositions and statements obtain by the SEC from Pirrello's clients and former associates evidence that Pirrello did not provide them with material non-public information. With certain individuals, Pirrello did not even recommend the securities. The SEC's circumstantial arguments are insufficient to prove Pirrello violated Section 14(e) of the Exchange Act, and Rule 14e-3 thereunder, or Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.