# ATTACHMENT E

# IN THE U.S. DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | |
| V. | : : | Civil Action No. 1:16-cv-02459-SCJ |
| THOMAS W. AVENT, Jr., RAYMOND J. PIRRELLO, Jr., and LAWRENCE J. PENNA, | : : : : | |
| Defendants. | : : | |

## STIPULATION REGARDING THE ADMISSIBILITY
## OF CERTAIN TEXT MESSAGES

Plaintiff, Securities and Exchange Commission ("SEC") and Defendant Thomas W. Avent, Jr. ("Avent") hereby stipulate to the admissibility of the following facts:

1. On May 11, 2016, Avent voluntarily made a production of the information contained on an iPhone to the SEC. The text messages set out below were retrieved from that phone.

2. At 7:15:02 pm ET on February 27, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

What happen to that thing

3. At 7:19:52 pm ET on February 27, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

Hear still going forward

4. At 10:25:59 am ET on March 13, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

Happy?

5. At 10:26:49 am ET on March 13, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

Price bad

6. At 11:21:30 am ET on March 13, 2012 Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

Whatever

7. At 3:49:15 pm ET on April 13, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

I am very short on my 2011 Taxes. Do you have any money you can send me?

8. At 3:54:16 pm ET on April 13, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

I'm trying

9. At 3:54:31 pm ET on April 13, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

I filed extension

2

10. At 3:57:34 pm ET on April 13, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

> I am at least $250k short, I am borrowing from every source I have, but unless I get some of what you owe me back, I can 't even get close. This is really bad. What about the half million you said you could get me for my note?

11. At 3:58:21 pm ET on April 13, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

> Still working on it had call today

12. At 8:05:51 pm ET on August 30, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

> Tomorrow is the end of the month, any update?

13. At 8:12:30 pm ET on August 30, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

> He sent you an email yesterday

14. At 8:32:59 pm ET on August 30, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

> I got it, no specifics

15. At 8:33:03 am ET on August 31, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

> I have the buyer don't have the contract from cate street waiting on final paperwork

3

16. At 10:44:02 am ET on August 31, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

> Ray, this whole deal stinks. I have know you now for 5 years. In that time I have given you more than $1.8 million to invest. To date, I have gotten back $125k. This was supposedly a safe short term investment that would pay off last June. Now to get my money back 15 months late I have to give up the equity kicker[.] I hope you do better for your other investors than you have for me. I have not only not participated in any investment decisions, but you buy stocks I hate and have refused to sell them, even when I implored you to get out. You have also ignored my instructions regarding my risk tolerances, as I repeatedly told you that the maximum loss I could stand was $100,000. And you assured me stop losses were in place and even told me you had sold stocks when you had not. In short, this account was nothing more than a loan from me to you, as you always treated it as your account.

17. At 10:52:55 am ET on August 31, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

> Call me

18. At 10:58:57 am ET on August 31, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

> Your keeping all interest and equity that was earned

19. At 11:01:58 am ET on August 31, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

> Getting email now

20. At 11:37:00 am ET on August 31, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

4

Did you get

21. At 11:59:20 am ET on August 31, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

In a meeting in Nashville, will call when I get out

22. At 12:57:51 pm ET on August 31, 2012, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

I need to understand exactly what I am getting and what I am losing?

23. At 1:20:05 pm ET on August 31, 2012, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

Call me when done

24. At 5:08:04 pm ET on January 18, 2013, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

Any money for me yet?

25. At 5:28:35 pm ET on January 18, 2013, Avent received on his phone, (770) 335-0476, the following text message from (201) 522-9900:

Trying very hard any new projects

26. At 10:26:00 am ET on January 19, 2013, Avent sent the following text message from his phone, (770) 335-0476, to Raymond Pirrello at (201) 522-9900:

All private, markets are soaring, you should be in the money now

5

27. During 2011, 2012, and 2013, the telephone number (201) 522-9900 was a number which Avent used to communicate with Raymond Pirrello.

/s/Robert M. Moye
John E. Birkenheier
Georgia Bar No. 058158
birkenheierj@sec.gov
Robert M. Moye (admitted *pro hac vice*)
Illinois Bar No. 6225688
moyer@sec.gov
Ruta G. Dudenas (admitted *pro hac vice*)
Illinois Bar No. 6274848
dudenasr@sec.gov
SECURITIES AND EXCHANGE COMMISSION
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (fax)

Pat Huddleston II
Georgia Bar No. 373984
huddlestonp@sec.gov
SECURITIES AND EXCHANGE COMMISSION
950 East Paces Ferry, N.E., Suite 900
Atlanta, GA 30326-1382
(404) 842-7600
(404) 5752 (fax)

*Attorneys for Plaintiff Securities and Exchange Commission*

- Signatures continue on next page -

/s/James W. Cobb_____
James W. Cobb
Georgia Bar No. 420133
jcobb@caplancobb.com
T. Brandon Waddell
Georgia Bar No. 252639
bwaddell@caplancobb.com
CAPLAN COBB LLP
75 Fourteenth Street NE
Suite 2750
Atlanta, GA  30309
(404) 596-5600
(404) 596-5604 (fax)

Todd Harrison (admitted *pro hac vice*)
New York Bar No. 2825438
MCDERMOTT WILL & EMERY LP
340 Madison Avenue
New York, NY 10173
(212) 547-5727
(212) 547-5444 (fax)

*Attorneys for Defendant Thomas W. Avent, Jr.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2017, I caused the foregoing Stipulation Regarding the Admissibility of Certain Text Messages to be filed with the Clerk of Court using the Court's CM/ECF system, which sends notification of this filing to all counsel of record.

*/s/ Robert M. Moye*
Robert M. Moye

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| V. | : Civil Action No. 1:16-cv-02459-SCJ |
| THOMAS W. AVENT, Jr., and RAYMOND J. PIRRELLO, Jr., | : |
| Defendants. | : |

## PLAINTIFF'S STIPULATION OF FACTS WITH DEFENDANT RAYMOND J. PIRRELLO, Jr.

Plaintiff, Securities and Exchange Commission ("SEC") and Defendant Raymond J. Pirrello, Jr. ("Pirrello") hereby stipulate to the admissibility of the following facts:

1. Pirrello is 41 years old and resides in Sparta, New Jersey.

2. Pirrello was employed in the securities industry from 1996 until 2016.

3. Pirrello holds/has held several securities industry licenses: Series 7, Series 24 and Series 63.

4. Pirrello holds the Series 7 and 24 licenses in the securities industry which qualified him to work as a stock broker.

5.      During 2011 and 2012, Pirrello worked for Garden State Securities, Inc. ("Garden State"), a securities broker-dealer located in Hackensack, New Jersey.

6.      During 2011 and 2012, Pirrello communicated with Avent by telephone and email and text messages.

7.      During 2011 and 2012, Pirrello communicated with Penna by telephone and email and text messages.

8.      During 2011 and 2012, Thomas W. Avent, Jr. ("Avent") had a brokerage account at Garden State for which Pirrello was the broker of record.

9.      Pirrello knew that Avent was a an attorney.

10.     Pirrello provided Avent with investment advice.

11.     During 2011 and 2012, Pirrello was subject to Garden State's Written Supervisory Policies and Procedures and Insider Trading Policy.

12.     Pirrello knew that he was subject to Garden State's Written Supervisory Policies and Procedures and Insider Trading Policy.

13.     Pirrello understood Garden State's Written Supervisory Policies and Procedures and Insider Trading Policy.

14.     Pirrello has known Larry Penna since he was a teenager.

15.     In 2012, Pirrello assisted Avent in facilitating the sale of a promissory note issued by Cate Street Group Holdings, LLC.

2

16.     During the SEC's investigation, Pirrello met with representatives of the SEC, the FBI and the federal prosecutor's office in New Jersey pursuant to proffer agreements to answer their questions regarding this matter.

17.     During the SEC's investigation, Pirrello asserted his Fifth Amendment privilege against self-incrimination, and refused to answer any questions about:

(a)     whether he had advance knowledge of the acquisitions of Radiant, Midas, and BrightPoint.

(b)     whether he discussed the Radiant, Midas and BrightPoint acquisitions with Larry Penna.

(c)     whether he shared trading profits with Larry Penna.

18.     After the SEC filed this lawsuit, Pirrello waived his rights under the Fifth Amendment, agreed to testify, and answered questions under oath at his deposition.

Dated: July 21, 2017.   /s/Robert M. Moye_____
John E. Birkenheier
Georgia Bar No. 058158
birkenheierj@sec.gov
Robert M. Moye (admitted *pro hac vice*)
Illinois Bar No. 6225688
moyer@sec.gov
Ruta G. Dudenas (admitted *pro hac vice*)
Illinois Bar No. 6274848
dudenasr@sec.gov
SECURITIES AND EXCHANGE COMMISSION
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (fax)

Pat Huddleston II
Georgia Bar No. 373984
huddlestonp@sec.gov
SECURITIES AND EXCHANGE COMMISSION
950 East Paces Ferry, N.E., Suite 900
Atlanta, GA 30326-1382
(404) 842-7616
(404) 5752 (fax)

*Attorneys for Plaintiff Securities*
 *and Exchange Commission*

/s/ J. Christopher Albanese
Martin H. Kaplan, Esq.
J. Christopher Albanese
Gusrae Kaplan Nusbaum, PLLC
120 Wall St.
25th Fl.
New York, NY 10005

*Attorneys for Defendant Raymond J. Pirrello, Jr.*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I caused the foregoing Plaintiff's Stipulation of Facts with Defendant Raymond J. Pirrello, Jr. to be filed with the Clerk of Court using the Court's CM/ECF system, which sends notification of this filing to all counsel of record.

*/s/ Robert M. Moye*
Robert M. Moye