# ATTACHMENT C-2

# DEFENDANT THOMAS W. AVENT, Jr.'S ALTERNATIVE PROPOSED VERDICT FORM[1]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 1:16-cv-02459-SCJ |
| v. | |
| THOMAS W. AVENT, Jr., and RAYMOND J. PIRRELLO, Jr. | JURY TRIAL DEMANDED |
| Defendants. | |

# VERDICT AS TO THOMAS W. AVENT, JR.

You must complete this form at the conclusion of your deliberations.

You are to sign the last page of this Verdict only after you have completed the form to memorialize your verdict.

---

[1] Defendant Thomas W. Avent, Jr. has submitted a trial brief arguing that the SEC should be required to prove its case by a preponderance of the evidence. Should the Court agree with that position, Avent requests that his proposed verdict form be used. However, should the Court rule against him on that issue, he respectfully requests that this alternative verdict form be used.

1

# LIABILITY – Section 10(b) and Rule 10b-5

**A.     NCR/Radiant Transaction**

      1. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. used an instrumentality of interstate commerce in connection with the purchase or sale of Radiant securities?

      _____     Yes

      _____     No

      If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 8. If your answer is Yes, you should continue to No. 2.

      2.  Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. disclosed material, non-public information to Raymond J. Pirrello, Jr. about the NCR/Radiant Transaction?

      _____     Yes

      _____     No

      If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 8. If your answer is Yes, you should continue to No. 3.

      3.  Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 2 was done by Thomas W. Avent, Jr. with an intent to deceive, manipulate, or defraud?

      _____     Yes

      _____     No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 8. If your answer is Yes, you should continue to No. 4.

4. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 2 was done in breach of a fiduciary duty that Thomas W. Avent, Jr. owed to the source of the material non-public information?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 8. If your answer is Yes, you should continue to No. 5.

5. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 2 was done with an intent to benefit Thomas W. Avent, Jr. personally?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 8. If your answer is Yes, you should continue to No. 6.

6. Did the SEC prove by a preponderance of the evidence that someone traded securities on the basis of the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 2?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 8. If your answer is Yes, you should continue to No. 7.

    7. <u>SEC's Claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder relating to the NCR/Radiant Transaction.</u>

        _____    We the jury find for the Defendant, Thomas W. Avent, Jr.

    OR

        _____    We the jury find for the Plaintiff.

4

**B.     TBC/Midas Transaction**

8. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. used an instrumentality of interstate commerce in connection with the purchase or sale of Midas securities?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the TBC/Midas Transaction, and continue to question 15. If your answer is Yes, you should continue to No. 9.

9.  Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. disclosed material, non-public information to Raymond J. Pirrello, Jr. about the TBC/Midas Transaction?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the TBC/Midas Transaction, and continue to question 15. If your answer is Yes, you should continue to No. 10.

10. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 9 was done by Thomas W. Avent, Jr. with an intent to deceive, manipulate, or defraud?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the TBC/Midas Transaction, and continue to question 15. If your answer is Yes, you should continue to No. 11.

11. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 9 was done in breach of a fiduciary duty that Thomas W. Avent, Jr. owed to the source of the material non-public information?

_____  Yes

_____  No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the TBC/Midas Transaction, and continue to question 15. If your answer is Yes, you should continue to No. 12.

12.  Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 9 was done with an intent to benefit Thomas W. Avent, Jr. personally?

_____  Yes

_____  No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the TBC/Midas Transaction, and continue to question 15. If your answer is Yes, you should continue to No. 13.

13. Did the SEC prove by a preponderance of the evidence that someone traded securities on the basis of the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 9?

_____  Yes

_____  No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the TBC/Midas Transaction, and continue to question 15. If your answer is Yes, you should continue to No. 14.

14. <u>SEC's Claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder relating to the TBC/Midas Transaction.</u>

    _____        We the jury find for the Defendant, Thomas W. Avent, Jr.

    OR

    _____        We the jury find for the Plaintiff.

### C. Proposed Tech Data/BrightPoint Transaction

15. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. used an instrumentality of interstate commerce in connection with the purchase or sale of BrightPoint securities?

    _____  Yes

    _____  No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the Tech Data/BrightPointTransaction, and continue to question 22. If your answer is Yes, you should continue to No. 16.

16. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. disclosed material, non-public information to Raymond J. Pirrello, Jr. about the proposed Tech Data/BrightPoint Transaction?

    _____  Yes

    _____  No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the proposed Tech Data/BrightPoint Transaction, and continue to question 22. If your answer is Yes, you should continue to No. 17.

17. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 16 was done by Thomas Avent, Jr. with an intent to deceive, manipulate, or defraud?

    _____  Yes

    _____  No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the proposed Tech Data/BrightPoint Transaction, and continue to question 22. If your answer is Yes, you should continue to No. 18.

18. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas Avent. Jr. to Raymond J. Pirrello, Jr. that you found in No. 16 was done in breach of a fiduciary duty that Thomas W. Avent, Jr. owed to the source of the material non-public information?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the proposed Tech Data/BrightPoint Transaction, and continue to question 22. If your answer is Yes, you should continue to No. 19.

19. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 16 was done with an intent to benefit Thomas W. Avent, Jr. personally?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the proposed Tech Data/BrightPoint Transaction, and continue to question 22. If your answer is Yes, you should continue to No. 20.

20. Did the SEC prove by a preponderance of the evidence that someone traded securities on the basis of the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 16?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the Tech Data/BrightPoint Transaction, and continue to question 22. If your answer is Yes, you should continue to No. 21.

21. <u>SEC's Claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder relating to the proposed Tech Data/BrightPoint Transaction.</u>

    _____    We the jury find for the Defendant, Thomas W. Avent, Jr.

    OR

    _____    We the jury find for the Plaintiff.

# LIABILITY – Section 14(e) and Rule 14e-3

**A.    NCR/Radiant Transaction**

22. Did the SEC prove by a preponderance of the evidence that NCR had taken substantial steps to commence, or had commenced, a tender offer?

_____    Yes

_____    No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 29. If your answer is Yes, you should continue to No. 23.

23. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. disclosed material, non-public information to Raymond J. Pirrello, Jr. about the NCR/Radiant Transaction?

_____    Yes

_____    No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 29. If your answer is Yes, you should continue to No. 24.

24. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. had reason to know that the material, non-public information that is the subject of No. 23 was acquired directly or indirectly from a person acting on behalf of NCR?

_____    Yes

_____    No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 29. If your answer is Yes, you should continue to No. 25.

25. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 23 was done by Thomas W. Avent, Jr. with an intent to deceive, manipulate, or defraud?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 29. If your answer is Yes, you should continue to No. 26.

26. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 23 was done with an intent to benefit Thomas W. Avent, Jr. personally?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 29. If your answer is Yes, you should continue to No. 27.

27. Did the SEC prove by a preponderance of the evidence that it was reasonably foreseeable to Thomas W. Avent, Jr. that the disclosure of material, non-public information to Raymond J. Pirrello, Jr. that you found in No. 23 would result in Raymond J. Pirrello, Jr. purchasing, or causing another person to purchase, securities in Radiant?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr. and the NCR/Radiant Transaction, and continue to question 29. If your answer is Yes, you should continue to No. 28.

28. <u>SEC's Claim under Section 14(e) of the Exchange Act and Rule 14e-3 thereunder relating to the NCR/Radiant Transaction.</u>

_____         We the jury find for the Defendant, Thomas W. Avent, Jr.

    OR

_____         We the jury find for the Plaintiff.

### B.     TBC/Midas Transaction

29. Did the SEC prove by a preponderance of the evidence that TBC had taken substantial steps to commence, or had commenced, a tender offer?

_____     Yes

_____     No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr., and your foreperson should sign and date the last page of this form. If your answer is Yes, you should continue to No. 30.

30. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. disclosed material, non-public information to Raymond J. Pirrello, Jr. about the TBC/Midas Transaction?

_____     Yes

_____     No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr., and your foreperson should sign and date the last page of this form.  If your answer is Yes, you should continue to No. 31.

31. Did the SEC prove by a preponderance of the evidence that Thomas W. Avent, Jr. had reason to know that the material, non-public information that is the subject of No. 30 was acquired directly or indirectly from a person acting on behalf of TBC?

_____     Yes

_____     No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr., and your foreperson should sign and date the last page of this form. If your answer is Yes, you should continue to No. 32.

32. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 30 was done by Thomas W. Avent, Jr. with an intent to deceive, manipulate, or defraud?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr., and your foreperson should sign and date the last page of this form. If your answer is Yes, you should continue to No. 33.

33. Did the SEC prove by a preponderance of the evidence that the disclosure of material, non-public information by Thomas W. Avent, Jr. to Raymond J. Pirrello, Jr. that you found in No. 30 was done with an intent to benefit Thomas W. Avent, Jr. personally?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr., and your foreperson should sign and date the last page of this form. If your answer is Yes, you should continue to No. 34.

34. Did the SEC prove by a preponderance of the evidence that it was reasonably foreseeable to Thomas W. Avent, Jr. that the disclosure of material, non-public information to Raymond J. Pirrello, Jr. that you found in No. 30 would result in Raymond J. Pirrello, Jr. purchasing, or causing another person to purchase, securities in Midas?

_____ Yes

_____ No

If your answer is No, you should end your deliberations with respect to Thomas W. Avent, Jr., and your foreperson should sign and date the last page of this form. If your answer is Yes, you should continue to No. 35.

35. <u>SEC's Claim under Section 14(e) of the Exchange Act and Rule 14e-3 thereunder relating to the TBC/Midas Transaction.</u>

_____		We the jury find for the Defendant, Thomas W. Avent, Jr.

    OR

_____		We the jury find for the Plaintiff.

\* \* \* \* \*

This \_\_ day of _____, 2017.

_____
                       Foreperson