IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : : Case No. 1:16-cv-02459-SCJ |
| THOMAS W. AVENT, Jr., and RAYMOND J. PIRRELLO, Jr., | : : : |
| Defendants. | : : |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
SECOND MOTION *IN LIMINE* REGARDING
<u>PERSONAL OR PROFESSIONAL HARDSHIPS</u>**

The SEC respectfully moves *in limine* to bar the Defendants from submitting any argument or evidence at trial that: (a) they have suffered personal, financial or professional hardship as a result of the filing of this case; or, (b) a finding of liability against them could cause them to suffer additional personal, financial or professional harm.

Defendants may attempt to play on the sympathies of the jury by discussing the personal hardship they have purportedly suffered as a result of the SEC's charges. In his Trial Brief, while imploring the Court to apply a higher burden of proof, Avent lingered on the hardships – and potential consequences –

that come with being accused of securities fraud.[1]  He suggested that the Court should consider that:  (a) Avent has lost his job, (b) Avent's reputation "is in tatters," (c) Avent has had to pay for his own legal defense, and (d) "the SEC seeks to label Avent as a quasi-criminal and to punish him with sanctions." (Docket No. 103-19)  It can reasonably be expected that Defendant Pirrello will make similar assertions before the jury.

Defendants should not be allowed to repeat this tactic at trial for two reasons.  <u>First</u>, evidence of personal or professional hardship – or of potential remedies in this case – is completely irrelevant to the jury's task and should, therefore, be excluded under Fed. R. Evid. 401.  The only question before the jury is: did the Defendants engage in insider trading?  Any reference to the collateral consequences of the SEC's investigation, litigation or potential remedies would represent an attempt to engender sympathy rather than to present facts relevant to deciding that question.  *See E.I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d 1247, 1275 n.54 (8th Cir. 1980) (noting with approval the trial judge's instruction that the jury should ignore consequences of the jury's findings); *SEC v. Moran*, 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995).  As the District Court in *Moran* found when it barred defendants "from offering any evidence regarding

---

[1] By separate motion, the SEC is requesting that the Court instruct the jury to use the preponderance of the evidence standard universally applied in SEC enforcement cases.

the hardship or loss which the defendants suffered as a result of these charges being lodged or that may result from the court's verdict":

> There is no relevant basis under which such proof could be offered. It is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant. *See Shannon v. United States,* 114 S. Ct. 2419, 2424 (1994) ("information regarding the consequences of a verdict are irrelevant" for the finder of fact to consider); *Rogers v. United States,* 422 U.S. 35, 40 (1975) (verdict must be reached "without regard to what sentence might be imposed"). Thus, evidence of this kind may not be admitted.

*Moran*, 1995 WL 785953, at * 1.

Second, even if evidence of hardship or remedies could be viewed as relevant, the minimal probative value of such evidence would be vastly outweighed by the danger of misleading the jury. *See* Fed. R. Evid. 403. If the Defendants are allowed to suggest that they already have suffered hardship from being charged – or would suffer further hardship if found liable – jurors could be misled into basing their decision on emotion or sympathy rather than the facts of the case. *SEC v. Saul*, 1991 WL 218061, at *1 (N.D. Ill. Oct. 16, 1991) (excluding testimony regarding possible penalties and other consequences because "[s]peculation about the consequences [the defendants] might suffer from a jury finding against them would likely distract the jury from the allegations of the SEC's complaint and encourage deliberation based upon emotional considerations which are improper"). Here, it is the Court, and not the jury, that will decide the appropriate remedies if Defendants are found liable for insider

trading. And the Court will be entitled to consider and weigh all of the factors permitted under law. Accordingly, the jury should be required to confine itself to considering and deciding whether the parties' evidence proves that Defendants engaged in insider trading.

## CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court prohibit Defendants from presenting argument or evidence at trial regarding: (1) any personal, financial or professional hardship related to the SEC's charges, or (2) any of the potential consequences or remedies should they be found liable in this case.

Dated: September 7, 2018.

**Respectfully Submitted,**

*/s/ John E. Birkenheier*
John E. Birkenheier
Georgia Bar No. 058158
birkenheierj@sec.gov
Robert M. Moye (admitted *pro hac vice*)
Illinois Bar No. 6225688
moyer@sec.gov
Ruta G. Dudenas (admitted *pro hac vice*)
Illinois Bar No. 6274848
dudenasr@sec.gov
SECURITIES AND EXCHANGE COMMISSION
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (fax)

Pat Huddleston II
Georgia Bar No. 373984
huddlestonp@sec.gov
SECURITIES AND EXCHANGE
COMMISSION
950 East Paces Ferry, N.E., Suite 900
Atlanta, GA 30326-1382
(404) 842-7600
(404) 5752 (fax)

*Attorneys for Plaintiff Securities
and Exchange Commission*

## **Certificate of Service**

I hereby certify that on September 7, 2018, I caused copies of the foregoing document to be served on counsel of record by filing it with the Court's ECF system, and by sending it by email and UPS delivery to:

Thomas W. Avent, Jr. (tomavent123@gmail.com)
3131 Slaton Drive NW
Apt. # 27
Atlanta, GA  30305

-and-

601 Sweetgum Lane
Oxford, MS  38655

*Pro Se*


                                          */s/ John E. Birkenheier*
                                          John E.  Birkenheier